UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>DOUGLAS WAYNE COOK,<br><br>                      Defendant. | Case No.: 21-CR-01350-GPC<br><br>**ORDER DENYING MOTION TO MODIFY SENTENCE**<br><br>**[ECF No. 65]** |

      Pending before the Court is Defendant Douglas Wayne Cook's second motion for compassionate release and reduction of his sentence under 18 U.S.C § 3582(c)(1)(A). ECF No. 65 ("Motion to Modify"). The Government opposes. ECF No. 67 ("Response in Opposition"). For the reasons set forth below, Cook's motion is **DENIED**.

**I.    BACKGROUND**

      On December 8, 2022, this Court sentenced Cook to a 52-month term of imprisonment for Importation of Methamphetamine in violation of 21 U.S.C. §§ 952 and 960. ECF No. 57 at 2. Cook has since served 33 months of that sentence at Federal

1  Correction Institution, Phoenix ("FCI Phoenix") and is projected to be released on
2  December 18, 2024.[1]
3       On July 5, 2023, the Court denied Cook's first motion for compassionate release
4  because Cook failed to exhaust administrative remedies. ECF No. 64 at 1 ("Order Denying
5  Motion to Reduce Sentence"). On October 8, 2023, Cook submitted an inmate request to
6  the Warden at FCI Phoenix, requesting compassionate release and a reduction in sentence.
7  ECF No. 65 at 4. The Warden denied the request twelve days later. *Id*. at 5.
8       Without appealing that decision, Cook now petitions this Court under 18 U.S.C §
9  3582(c)(1)(A)(i), a second time, alleging that his various health conditions constitute
10 "extraordinary and compelling reasons" for compassionate release. *Id*. at 7–11. Cook
11 alleges that he suffers from stage 2 chronic obstructive pulmonary disease ("COPD"),
12 severe asthma, hyperlipidemia, epilepsy, major depressive disorder, gout, and heart
13 disease. *Id*. at 1–2. He argues that his continued incarceration is reducing his life
14 expectancy. *Id*. at 2–8.

15 **II.  LEGAL STANDARD**

16      While "[a] federal court generally 'may not modify a term of imprisonment once it
17 has been imposed,'" 18 U.S.C § 3582(c)(1)(A)(i) provides an exception. *United States v.*
18 *Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817,
19 819 (2010)). Under 18 U.S.C. § 3582(c):

20     The court may not modify a term of imprisonment once it has been imposed
21     except that—
22     (1) in any case—
23         (A) the court, upon motion of the Director of the Bureau of Prisons, or
24         upon motion of the defendant after the defendant has fully exhausted
25         all administrative rights to appeal a failure of the Bureau of Prisons to

---

[1] See Federal Bureau of Prisons Online Inmate Locator, available at https://www.bop.gov/inmateloc (last visited Jan. 18, 2024).

> bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Accordingly, Cook's motion raises four questions before the Court: (1) whether Cook has exhausted all administrative remedies; (2) whether Cook has "extraordinary and compelling reasons" that warrant a sentence reduction; (3) whether a sentence reduction is "consistent with applicable policy statements" issued by the U.S Sentencing Commission; and (4) whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. *United States v. Chen*, 48 F.4th 1092, 1095 (9th Cir. 2022).

### III.  DISCUSSION

#### A. Exhaustion

Exhaustion is satisfied where a prisoner petitions the Court after "the lapse of 30 days from the receipt [of a request for compassionate release] by the warden of the

1  defendant's facility," *see* 18 U.S.C. § 3582(c)(1)(A), even if the warden denies the request.[2]
2  On October 8, 2023, Cook requested compassionate release from the Warden at FCI
3  Phoenix. ECF No. 65 at 4; ECF No. 67 at 7. Cook then filed the instant motion with the
4  Court on November 16, 2023, over 30 days after the warden of FCI Phoenix received his
5  request. *Id*. at 11. Accordingly, the Court finds that exhaustion is satisfied and proceeds to
6  consider Cook's request for compassionate release on the merits.[3]

**B. Extraordinary and Compelling Reasons**

A defendant is entitled to compassionate release only where they demonstrate "extraordinary and compelling reasons" that are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c). Congress defines "extraordinary and compelling reasons" to include medical circumstances of the defendant, such as a terminal illness. U.S.S.G. § 1B1.13(b)(1). Cook alleges that his stage-two COPD is a terminal illness because it has "no cure and results in an end of life trajectory." ECF

---

[2] Some courts have held that the lapse of 30 days satisfies exhaustion only where the warden fails to respond. *United States v. Ngo*, 2022 WL 207704, at *1 (S.D. Cal. Jan. 24, 2022) (quoting *United States v. Arthaloney*, 2020 WL 2571171, at *1 (D. Neb. May 21, 2020)). But this view is not supported by a plain reading of the statute. Indeed, other circuits have rejected this view, holding that the plain text of 18 U.S.C. § 3582(c) requires only the lapse of 30 days. *See United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021) ("The words 'or' and 'whichever' make it unambiguously clear that Congress has provided defendants with two alternative ways to satisfy the threshold requirement."); *United States v. Garrett*, 15 F.4th 335, 339 (5th Cir. 2021) ("Therefore, [Defendant] was not required to pursue his administrative-appeals process to its conclusion merely because the BOP responded to his motion within 30 days."). Thus, this Court concludes that the lapse of 30 days from receipt of a request satisfies exhaustion, the warden's response notwithstanding.

[3] Cook also moves for residential placement. This Court does not have the authority to determine where Cook serves his sentence because Congress authorizes The Bureau of Prisons ("BOP") to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b); *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984) ("While a judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served"). Cook referred to extraordinary and compelling reasons in his motion, and this Court has found that such references are effective as a request for compassionate release. *United States v. Solis*, 2020 WL 5909570, at *3 (S.D. Cal. Oct. 6, 2020) (citing *United States v. Matecki*, 2020 WL 2512406, at *2 (E.D. Cal. May 15, 2020)); ECF No. 65 at 1–7. When a defendant refers to extraordinary and compelling reasons, it operates as an invocation of Section 3582(c)(1)(A). *United States v. Soun*, 492 F.Supp.3d 1314, 1318 (S.D. Ala. 2020) ("There is, in short, no plausible way to construe a request for relief based on the existence of 'extraordinary and compelling reasons' other than as an invocation of Section 3582(c)(1)(A)").

No. 65 at 7–9. He alleges that he is being denied adequate treatment, that his health conditions will be aggravated by inadequate medical care and COVID-19, and that the circumstances of his incarceration, other health conditions, and COVID-19 reduce his life expectancy. *Id.*[4] The Government responds that Cook has produced no evidence that he has a "serious physical or medical condition" or that FCI Phoenix is not providing adequate medical care. ECF No. 67 at 12–13. They claim that COPD is not terminal, that there is no evidence that Cook's health "is at risk of serious deterioration," and that serving the remainder of his sentence will not cause premature death. *Id.*

The defendant has the burden of establishing eligibility for a sentence reduction. *United States v. Montanez-Rodriguez*, 2023 WL 4096219, at *2 (S.D. Cal. June 20, 2023) ("As the movant, however, the Defendant bears the burden to establish that he is eligible for compassionate release."); *United States v. Avilla,* 2021 WL 4460681, at *2 (S.D. Cal. Sept. 29, 2021); *United States v. Lucero*, 2021 WL 1297828, at *1 (S.D. Cal. Apr. 2021). Cook must show: (1) FCI Phoenix is not providing him with adequate medical care, and (2) that his alleged aggravated COPD will shorten his life expectancy.

Cook has failed to carry this burden. He has not submitted evidence that supports his allegations of FCI Phoenix's medical treatment of prisoners, such as proof that he has been denied access to his inhaler or prescribed medications, and there is no evidence that his health has deteriorated from the alleged inadequate medical treatment.

Rather, the evidence submitted by the Government demonstrates that Cook has served over half of his 52-month sentence without evidence of deteriorating health. ECF No. 70 at 1–3 (under seal). His respiratory system, cardiovascular system, and mental health are "within normal limits" according to his 14-day physical evaluation that occurred on November 3, 2023. *Id.* (under seal). Although Cook cites concerns that COVID-19

---

[4] Cook alleges that FCI Phoenix exposes him to airborne pollutants and chemicals that will increase his risk of "succumbing" to his stage two emphysema. ECF No. 65 at 3. He also alleges that he is susceptible to a lethal case of COVID-19. *Id.* He claims that he has insufficient access to his inhaler and that he is not receiving his prescribed medications. *Id.* at 7. He claims this will worsen his COPD and other conditions. *Id.* at 7–9.

within FCI Phoenix will affect his lung health, his cardiac silhouette is normal, and his thoracic musculoskeletal structures are "age appropriate." *Id*. (under seal). Cook further claims that airborne pollutants inside of penitentiaries can aggravate his COPD but Cook again has failed to provide any evidence to support these claims. While Cook alleges that COVID-19 is of serious concern at FCI Phoenix, he offers no evidence that he has contracted COVID-19 while incarcerated, and "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *See United States v. Raia*, 954 F.3d 594, 597 (3d. Cir. 2020).

This case is much like *United States v. Galyen*, where this Court denied a motion for compassionate release by an inmate who suffered from COPD and feared contracting COVID-19. *Galyen*, 2020 WL 4747727, at *4 (S.D. Cal. Aug. 17, 2020). The Court found that there was "no evidence in the record to suggest that the Defendant [wa]s not receiving medical treatment for his COPD and other medical conditions … and no evidence in the record to suggest that the BOP [wa]s ill-equipped to handle these types of chronic conditions during the current pandemic." *Id*. Here, Cook has similarly failed to provide any evidence demonstrating extraordinary and compelling reasons that warrant a reduction in his sentence.

Because Cook has failed to meet his burden, it is unnecessary for the Court to analyze the parties' arguments about sentencing factors or public safety under 18 U.S.C. § 3553.

IV.  **CONCLUSION**

For the foregoing reasons, Cook's Motion for Compassionate Release is **DENIED** under 18 U.S.C. 18 U.S.C § 3582(c).

**IT IS SO ORDERED.**

Dated:  March 25, 2024

Hon. Gonzalo P. Curiel
United States District Judge